FREDERICK LELAND *vs.* CHARLES L. DROWN & Trustee.

After the property of a debtor, assigned by him for the benefit of his creditors, has been taken by them under an agreement with him in full discharge of their debts, and afterwards purchased of them by the assignee, and a greater amount paid out by him, including his own interest as creditor, than the value of the property assigned, a creditor not a party to the assignment cannot set it aside by trustee process.

ACTION OF CONTRACT, commenced on the 9th of December 1856, for board of the defendant's wife from June 15th 1855 to January 26th 1856. Benjamin Shreve, who was summoned as trustee of the principal defendant on the 10th of December 1856, disclosed in his answer the following case :

In July 1855 the defendant, a jeweller in Boston, owed debts to the amount of about $5000, and not being able to meet his payments, assigned his stock, which had cost him $6500, to Shreve, one of his creditors, in trust for the benefit of all his creditors. Before the end of the year 1855 the defendant and all his creditors agreed that they should take in full discharge of their debts the property assigned, which was clearly insuffi-

cient to pay their debts in full. Drown relinquished all his interest in the property, and Shreve took possession of it as the property of the creditors, and, after paying them a dividend of twenty per cent., agreed with them to take the rest of the stock off their hands and pay them a dividend of fifty per cent on the balance, disposed of the rest of the stock to the firm of Jones, Shreve & Brown, of which he was a partner, and with the proceeds paid such a dividend to all the creditors, except one who lived at a distance, whose dividend was ready for him on demand. The trustee, at the time of the service on him, had paid out an amount which, together with his interest as a creditor in the property, exceeded its value.

*W. L. Burt,* for the plaintiff.

*F. W. Sawyer,* for the trustee.

DEWEY, J. Had the present suit been instituted while the rights of the supposed trustee were merely those acquired by force of the assignment made by Drown to Shreve for the benefit of the creditors of Drown, and while the property had remained for this purpose unapplied to the payment of the debts due from Drown to such creditors, the trustee must have been charged. *Wyles* v. *Beals,* 1 Gray, 233. *Edwards* v. *Mitchell,* 1 Gray, 239.

But where the property, or the avails of the same, have actually passed over to the creditors, or been received by them, in discharge of their debts, it is too late for an individual creditor to attach the same by the trustee process. Vigilance is necessary here as well as elsewhere to prevent such transfer from being effectual by a change in the relation of the parties to it.

The case of *Bowles* v. *Graves,* 4 Gray, 117, while it charged the trustee for any property of the debtor in his hands not yet applied in payment of a creditor, yet it exonerated the trustee from all liability as to all that had been thus applied. The further inquiry is then whether, at the time of service of the present writ upon the supposed trustee, he had any goods or effects of the debtor in his hands. It will be seen by the report of the case that the assignment was made in July 1855, and this process was served on the trustee in December 1856. Thus a period of

seventeen months had elapsed before the plaintiff sought to en-force this attachment. This alone might not have been any legal bar. But in the mean time great and important changes had taken place as to the relations of these parties to the property. After proceeding for several months in the execution of his duties as such trustee under the assignment, the parties came to a new arrangement. Finding the value of the property less than was anticipated, and Drown and the creditors being satisfied there would be no surplus, but a deficiency, to pay the creditors, it was mutually agreed between Drown and the creditors, parties to the assignment, that the creditors should take the property to them-selves as their own, and in full discharge of their debts, and Shreve was from that time the agent solely of these creditors in managing and disposing of the property. Shreve further states that at a still later period, and before the service of this process, the creditors proposed to him to take the remainder of the stock off their hands and pay them a dividend of fifty per cent. on the balance due them, and he did so agree with them.

By these changes, the interest of Drown, which originally would have been attachable, was gone long before the service of the process upon Shreve ; first, by the actual purchase of the property by the creditors, and payment therefor by application of the avails to the payment of Drown's debts; and secondly, by the sale by the creditors to Shreve, upon an agreement to pay them therefor fifty per cent. on the amount of their debts. It is ·true that the payment had not been fully made at the time of the service of the trustee process, and some of. the specific arti-cles then remained in the hands of Shreve, and were afterwards transferred by him to the firm of Jones, Shreve & Brown. But as the interest of Drown in these articles had long before ceased, and had been transferred by other contracts than that of the original assignment, we think under all the circumstances there were no goods, effects or credits of Drown in the hands of Shreve, for which he can be charged as trustee.

We have not found it necessary to consider the further objec-tion taken to the right of the plaintiff to attach these goods, that his debt except as to a very small amount accrued after the exe-

cution of the assignment, and that his demand upon which he has obtained his judgment is blended into one continuous account for boarding the defendant's wife for the period of five months, of which four are subsequent to the assignment.

For the reasons previously stated the court are of opinion that the trustee must be discharged.  *Trustee discharged.*